IN THE COMMONWEALTH COURT OF PENNSYLVANIA

L.D.H.,                                    :
                    Petitioner             :
                                           :    No.  43 M.D. 2019
          v.                               :
                                           :    Submitted:  September 18, 2020
Commonwealth of Pennsylvania,              :
Pennsylvania State Police,                 :
                    Respondent             :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED:  September 21, 2021


          Presently before the Court is an Application for Summary Relief
(application) filed by L.D.H. (Petitioner), *pro se*, seeking summary relief in his favor
on his Petition for Review in the Nature of Declaratory and Injunctive Relief (Petition
for Review) filed against the Commonwealth of Pennsylvania and the Pennsylvania
State Police (PSP) (collectively, Respondents).

          In the Petition for Review, Petitioner challenges the constitutionality of
the lifetime sexual offender registration requirements mandated by 42 Pa.C.S.

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt
completed her term as President Judge.

§§9799.51-9799.75, (Subchapter I of SORNA II).[2] Petitioner alleges that Subchapter I of SORNA II's lifetime registration, reporting, and counseling provisions are punitive and thus, applying such law to him retroactively would violate the *ex post facto* clauses of the United States and Pennsylvania Constitutions in light of *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (registration requirements under SORNA constitute criminal punishment and retroactive application is *ex post facto* violation).[3] He further avers that the process used to designate him as a sexually violent predator (SVP), codified at 42 Pa. C.S. §9799.24(e)(3), is constitutionally

---

[2] SORNA I was originally enacted on December 20, 2011, effective December 20, 2012. *See* Act of December 20, 2011, P.L. 446, No. 111, §12, effective in one year or December 20, 2012 (Act 11 of 2011). Act 11 was amended on July 5, 2012, also effective December 20, 2012, *see* Act of July 5, 2012, P.L. 880, No. 91, effective December 20, 2012 (Act 91 of 2012), and amended on February 21, 2018, effective immediately, known as Act 10 of 2018, *see* Act of February 21, 2018, P.L. 27, No. 10, §§1-20, effective February 21, 2018 (Act 10 of 2018), and, lastly, reenacted and amended on June 12, 2018, P.L. 140, No. 29, §§1-23, effective June 12, 2018 (Act 29 of 2018). Acts 10 and 29 of 2018 are generally referred to collectively as SORNA II. Through Act 10, as amended in Act 29 (collectively, SORNA II), the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I. Subchapter I of SORNA II applies to sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. *See* 42 Pa. C.S. §§9799.51-9799.75. Revised Subchapter H of SORNA II applies to offenders who committed an offense on or after December 20, 2012. *See* 42 Pa. C.S. §§9799.10-9799.42. As our Supreme Court recently explained in *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020), "[i]n essence, Revised Subchapter H [of SORNA II] retained many of the provisions of SORNA, while Subchapter I [of SORNA II] imposed arguably less onerous requirements on those who committed offenses prior to December 20, 2012, in an attempt to address this Court's conclusion in [*Commonwealth v.*] *Muniz*, [164 A.3d 118 (Pa. 2017)] that application of the original provisions of SORNA to these offenders constituted an *ex post facto* violation." *Torsilieri*, 232 A.3d at 580.

[3] The United States Constitution provides, in pertinent part, that "[n]o . . . *ex post facto* Law shall be passed." U.S. Const. art. I, §9. The Pennsylvania Constitution likewise provides, in pertinent part, that "[n]o *ex post facto* law . . . shall be passed." Pa. Const. art. I, §17.

impermissible under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013).[4]

## Factual Background

The facts are not in dispute. On April 4, 2006, a jury convicted Petitioner of involuntary deviate sexual intercourse (IDSI)[5] and sexual assault.[6] Following the procedure outlined in 42 Pa. C.S. §9799.24(e), the trial court conducted a hearing, found the Commonwealth provided clear and convincing evidence that Petitioner was a SVP, and ordered Petitioner be designated as such. The trial court later sentenced Petitioner to an aggregated term of imprisonment of 9 to 20 years. Petitioner was sentenced to lifetime registration pursuant to Megan's Law III, *formerly* 42 Pa. C.S. §9795.1(b)(2), (3) (Megan's Law III).[7] Petitioner has been continuously incarcerated since his conviction and sentence and he is not currently registered.

Given his IDSI and sexual assault convictions in 2006 and the SVP designation imposed, Petitioner clearly falls within the class of pre-SORNA offenders deemed subject to Subchapter I of SORNA II's lifetime registration requirements.

---

[4] In *Apprendi* and *Alleyne*, the United States Supreme Court held any fact, which increases the statutory maximum penalty (*Apprendi*) or mandatory minimum sentence (*Alleyne*) must be submitted to a jury and proven beyond a reasonable doubt.

[5] 18 Pa. C.S. §3123(a)(7).

[6] 18 Pa. C.S. §3124.1.

[7] The development of the sexual offender registration law in the Commonwealth, leading up to SORNA II, was recently summarized by this Court in *Adams v. Pennsylvania State Police*, __ A.3d __ (Pa. Cmwlth., No. 572 M.D. 2018, filed June 14, 2021).

*See* 42 Pa. C.S. §§9799.52, 9799.55(b)(2),[8] & 9799.55(b)(3) ("The following individuals shall be subject to lifetime registration . . . (3) sexually violent predators.").

## Petition for Review

On January 28, 2019, Petitioner commenced this action in the nature of a petition for relief in equity and suit for declaratory and injunctive relief in this Court's original jurisdiction,[9] arguing that Subchapter I of SORNA II is punitive and,

---

[8] 42 Pa. C.S. §9799.55(b)(2) provides in pertinent part:

> **(b) Lifetime registration.--**The following individuals shall be subject to lifetime registration:
>
> \* \* \*
>
> (2) Individuals convicted:
>
> (i)(A) in this Commonwealth of the following offenses, if committed on or after April 22, 1996, but before December 20, 2012:
>
> 18 Pa.C.S. § 3121 (relating to rape);
>
> 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse);
>
> 18 Pa.C.S. § 3124.1 (relating to sexual assault) . . . .

[9] The Petition for Review consists of six counts, all of which (with the exception of Count II) are predicated on the same underlying premise that Subchapter I of SORNA II is punitive and cannot be applied to Petitioner retroactively. In Count I, Petitioner seeks preliminary and permanent injunctive relief barring and enjoining Respondents from applying and enforcing Subchapter I of SORNA II against him retroactively. In Count II, Petitioner avers that all actions taken under Megan's Law III were rendered null and void, inoperative, and unenforceable as a matter of law pursuant to *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013), and applying Subchapter I and any future registration law retroactively to Petitioner is unconstitutional and runs afoul of the void *ab initio* doctrine. In Count III, Petitioner avers that Subchapter I of SORNA violates the separation of powers doctrine by legislatively altering the inherent attributes of final judgments through impermissible retroactive legislation. In Count IV, Petitioner avers that the retroactive application of Subchapter I of SORNA II to pre-SORNA offenders like himself violates fundamental fairness guarantees inherent in the United States and Pennsylvania Constitutions under

**(Footnote continued on next page…)**

therefore, it cannot be applied to him retroactively, as an impermissible *ex post facto* law. He also argues that his status as a SVP is unconstitutional because the procedure used to adjudicate him as a SVP violates the requirements of *Apprendi* and *Alleyne*. He seeks an order expressly declaring that he is not required to register as a sex offender under Subchapter I of SORNA II, and that he cannot be made subject to any of its registration requirements and provisions retroactively without violating the Constitutions and laws of the United States and Pennsylvania.

## Petitioner's Application for Summary Relief

On August 12, 2020, after the pleadings were closed, Petitioner filed the instant application for summary relief. He argues there are no material issues of fact in dispute. He contends that his right to relief is clear in this matter and that he is entitled to summary relief as a matter of law on Counts I through VI of his Petition for Review.[10]

---

**(continued…)**

their respective Due Process Clauses, impugns upon the fundamental rights to reputation and informational privacy secured by the Pennsylvania Constitution without due process of law, and violates substantive due process guarantees through the use of two irrebuttable presumptions. In Count V, Petitioner avers that the registration requirements imposed upon pre-SORNA offenders like himself retroactively are punitive and violate the *Ex Post Facto* Clauses of the United States and Pennsylvania Constitutions when applied and enforced retroactively because Subchapter I of SORNA II imposes greater penalties than the laws in effect when the crime was committed. In Count VI, Petitioner avers that Subchapter I of SORNA II is punitive and inflicts a second form of punishment which violates the multiple punishment protections afforded by the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions.

[10] Additionally, in his Application for Summary Relief, Petitioner argues that the "boiler-plate" defenses asserted by Respondents in their answer and new matter, including sovereign immunity, laches, *res judicata*, and collateral estoppel, all lack sufficient specificity, and do not bar the relief requested. Based on our conclusion that Petitioner's claims fail as a matter of law, we need not address these arguments.

**Standard on Application for Summary Relief**

Pennsylvania Rule of Appellate Procedure 1532(b) permits filing of an application for summary relief at any time after a petition for review has been filed in an original jurisdiction matter. Pa.R.A.P. 1532(b). Like summary judgment, summary relief is appropriate when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Haveman v. Bureau of Professional & Occupational Affairs, State Board of Cosmetology*, 238 A.3d 567, 570-71 (Pa. Cmwlth. 2020). "An application for summary relief is appropriate where a party asserts a challenge to the constitutionality of a statute and no material facts are in dispute." *Phantom Fireworks Showrooms, LLC v. Wolf*, 198 A.3d 1205, 1220 (Pa. Cmwlth. 2018). Because there are no material facts in dispute, we examine whether Petitioner's right to judgment is clear as a matter of law.

**Whether Subchapter I of SORNA II is punitive
in nature or an *ex post facto* violation?**

Petitioner argues he is entitled to summary relief in his favor because the registration requirements of Subchapter I of SORNA II are punitive and their retroactive application unconstitutionally subjects him to an *ex post facto* law. However, this argument was soundly rejected by our highest court in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020). In *Lacombe*, the Court held that Subchapter I of SORNA II, 42 Pa. C.S. §§ 9799.51-9799.75, does not have a punitive effect, and, therefore, does not violate the constitutional prohibition against *ex post facto* laws.

Accordingly, in light of the Pennsylvania Supreme Court's final ruling in *Lacombe*, Petitioner's constitutional challenge to Subchapter I of SORNA II fails as a matter of law.

6

## Whether Petitioner's Designation as a Sexually
## Violent Predator is Unconstitutional?

Next, Petitioner argues that the procedure employed for determining that he is a SVP is unconstitutional. SVPs are individuals who have a "mental abnormality" or "personality disorder" that makes the individual likely to engage in predatory sexually violent offenses. 42 Pa. C.S. §9799.53 (definitions). Once designated a SVP, the offender is subjected to enhanced notification, reporting and counseling requirements because of that status.

The procedure under Subchapter I of SORNA II for determining if a convicted defendant (subject to Subchapter I) is a SVP is found at 42 Pa. C.S. §9799.58(e). This provision identifies the sentencing court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as a SVP.

(e) Hearing.--

(1) A hearing to determine whether the individual is a sexually violent predator shall be scheduled upon the praecipe filed by the district attorney. The district attorney upon filing a praecipe shall serve a copy of the same upon defense counsel together with a copy of the report of the board.

(2) The individual and district attorney shall be given notice of the hearing and an opportunity to be heard, the right to call witnesses, the right to call expert witnesses and the right to cross-examine witnesses. In addition, the individual shall have the right to counsel and to have a lawyer appointed to represent the individual if he or she cannot afford one. If the individual requests another expert assessment, the individual shall provide a copy of the expert assessment to the district attorney prior to the hearing.

(3) At the hearing prior to sentencing, ***the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator***.

(4) A copy of the order containing the determination of the court shall be immediately submitted to the individual, the district attorney, the Pennsylvania Parole Board, the Department of Corrections, the board and the Pennsylvania State Police.

42 Pa.C.S. §9799.58(e) (emphasis added).

Petitioner argues that his SVP designation is unconstitutional because it was made by the trial judge, without the jury making the required factual finding beyond a reasonable doubt. He contends that, as such, his SVP designation cannot be lawfully enforced against him under any statutory scheme without violating *Apprendi*. In support, Petitioner cites the Superior Court's decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (*Butler I*), *reversed*, 226 A.3d 972 (Pa. 2020) (*Butler II*). There, the Superior Court, relying on *Muniz sua sponte* declared that the procedure under Subchapter H of SORNA II[11] for determining if a convicted defendant is a SVP, 42 Pa. C.S. §9799.24(e)(3), was unconstitutional as it relates to SVPs rendering the designation an illegal sentence when the separate factual finding was not found by the chosen fact-finder beyond a reasonable doubt in violation of the rule of *Apprendi*.

However, after Petitioner filed his Petition for Review in this case, the Pennsylvania Supreme Court reversed the Superior Court's decision in *Butler I*. In *Butler II*, our Supreme Court conducted a comprehensive review of the

---

[11] The procedures for determining if a convicted defendant is a SVP under Subchapter H and I of SORNA II are identical.

constitutionality of SORNA II, holding that the registration requirements, and notification and counseling requirements for SVPs in Subchapter H do not constitute criminal punishment.

Applying *Butler II*, we conclude that the procedure for designating individuals as SVPs under 42 Pa. C.S. §9799.58(e)(3) (which is the same as the procedure in Subchapter H found constitutional in *Butler II*) is not subject to the constitutional requirements of *Apprendi* and *Alleyne* and remains constitutionally permissible. *Butler II*, 226 A.3d at 976.

Accordingly, in light of the Pennsylvania Supreme Court's final ruling in *Butler II*, Petitioner's claim that the principles set forth in *Apprendi* or *Alleyne* have been violated by enforcement of the requirements of 42 Pa. C.S. §9799.58(e)(3) necessarily fails. Petitioner's designation as a SVP does not run afoul of constitutional principles. Therefore, Petitioner is not entitled to judgment in his favor as a matter of law on this claim.

**Conclusion**

Petitioner has not shown his right to relief on his claims is clear such that he is entitled to summary relief in his favor. Accordingly, Petitioner's application for summary relief is denied.

_____
PATRICIA A. McCULLOUGH, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

L.D.H.,                                          :
        Petitioner                            :
                                              :  No.  43 M.D. 2019
        v.                                    :
                                              :
Commonwealth of Pennsylvania,                    :
Pennsylvania State Police,                       :
        Respondent                            :

## *ORDER*

AND NOW, this 21st day of September, 2021,  Petitioner L.D.H.'s Application for Summary Relief is DENIED.

_____
PATRICIA A. McCULLOUGH, Judge